[Cite as *State v. Harrison*, 2014-Ohio-2880.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3168** |
| WALTER L. HARRISON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 12 C 000150.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Craig A. Swenson*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Gary H. Levine*, The Brownhoist Building, 4403 St. Clair Avenue, Cleveland, OH 44023 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Walter L. Harrison, appeals from a judgment entry of the Geauga County Court of Common Pleas, which sentenced him to an aggregate nine and one-half years in prison. In his appeal, appellant alleges error relating to the trial court's imposition of consecutive sentences. For the following reasons, we affirm.

{¶2} Appellant entered a plea of guilty to the following: Pandering Sexually Oriented Matter Involving a Minor, in violation of R.C. 2907.322(A)(1), a felony of the

second degree, as charged in Count 3 of the indictment; Possessing Criminal Tools, in violation of R.C. 2923.24(A), a felony of the fifth degree, as charged in Count 7 of the indictment; and Attempted Gross Sexual Imposition, in violation of R.C. 2923.02(A), a felony of the fourth degree and a lesser included offense, as charged in Count 8 of the indictment, which conduct, if successful, would constitute a violation of R.C. 2907.05(A)(4). Appellant was sentenced to eight years imprisonment on Count 3; 12 months imprisonment on Count 7; and 18 months imprisonment on Count 8. The trial court ordered appellant's eight-year sentence to be served consecutive to the 18-month prison term, and the 12 months on Count 7 to be served concurrent to Count 3, for a total term of nine and one-half years imprisonment.

{¶3} Appellant filed a timely notice of appeal and asserts the following assignment of error for our review:

{¶4} "The trial court (Geauga County Court of Common Pleas) erred to the substantial prejudice of the appellant by imposing consecutive sentences as to Count III and Count VIII resulting in the imprisonment of nine and one-half years."

{¶5} Appellant argues the trial court committed reversible error when it sentenced him to a consecutive period of incarceration, for a total term of nine and one-half years imprisonment. Appellant maintains the trial court failed to make the statutorily-required findings before sentencing him to consecutive terms of imprisonment and failed to make findings, pursuant to R.C. 2929.12.

{¶6} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, the Supreme Court of Ohio set forth a two-step process for reviewing felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in

2

imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶4. If the first prong is satisfied, the second prong requires the trial court's judgment to be reviewed under an abuse-of-discretion standard.

{¶7} Appellant first argues that the trial court failed to consider the factors enumerated in R.C. 2929.12 prior to his sentencing. It is well established, however, that when considering R.C. 2929.11 and R.C. 2929.12, a trial court "is not required to make findings of fact under the seriousness and recidivism factors in R.C. 2929.12." *State v. O'Neil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34. Here, the trial court, in its judgment entry of sentence, stated that it had considered the principles of sentencing, R.C. 2929.11, and the sentencing factors, R.C. 2929.12. Further, appellant's sentence is within the relevant felony range.

{¶8} Appellant also challenges the trial court's compliance with R.C. 2929.14(C)(4), which states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part

3

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} At the sentencing hearing, the trial court set forth its reasons for imposing consecutive sentences. The court explained:

So I do find that although you have no prior criminal record and although you are a war hero, you are going to go to prison. Your crime involved in regards to your granddaughter, and I'll call her your granddaughter because that's what she obviously thought you were to her, a grandfather was a trusting relationship and you violated that trust.

I find it's the most serious form of the crime. I do find that a consecutive sentence is necessary to punish you; that a consecutive sentence would not be disproportionate to the seriousness of your conduct and to the danger you pose to the public. * * *

I do find that no single prison term for any of the offenses committed as part of your course of conduct would adequately reflect the seriousness of your conduct.

{¶10} Because the trial court made the findings specifically required by R.C. 2929.14 in order to impose consecutive sentences, we find no error.

{¶11} Appellant's sole assignment of error is without merit. The judgment of the Geauga County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4